**Keith S. Dubanevich**, OSB No. 975200
Special Counsel, Office of the Attorney General
Email:  keith.dubanevich@doj.state.or.us
**Frederick M. Boss,** OSB No. 911424
Division Administrator, Civil Enforcement
Email:  fred.boss@doj.state.or.us
**Simon Whang**, OSB No. 035282
Assistant Attorney General
Email:  simon.c.whang@doj.state.or.us
JOHN R. KROGER, Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone:      (503) 934-4400
Facsimile:      (503) 373-7067

**Keith A. Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Scott A. Shorr**, OSB No. 961873
Email: sshorr@stollberne.com
**Jennifer S. Wagner,** OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:      (503) 227-1600
Facsimile:      (503) 227-6840

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE STATE OF OREGON, by and through OREGON 529 COLLEGE SAVINGS BOARD AND THE OREGON STATE TREASURER on behalf of the OREGON COLLEGE SAVINGS PLAN TRUST,<br><br>        Plaintiff,<br><br>        v.<br><br>OPPENHEIMERFUNDS, INC., a Colorado corporation; et al.,<br><br>        Defendants. | Case No. 09-CV-06135-HO<br><br>PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL POSTURE ............................................................................................................4

ARGUMENT...................................................................................................................................5

    I.    The State of Oregon's Action Is Not Precluded under SLUSA...............................5

        A.    This Action Is not a Covered Class Action..................................................6

        B.    This Action Does not Implicate the Potential Abuses that SLUSA Sought to Remedy.......................................................................................9

    II.    The State of Oregon's Breach of Contract Claim Is Not Precluded under SLUSA. ...................................................................................................................11

CONCLUSION................................................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Arora v. Hartford Life and Annuity Ins. Co.*
    519 F. Supp. 2d 1021 (N.D. Cal. 2007) .................................................................... 4

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
    395 F.3d 25 (2d Cir. 2005) ...................................................................................... 14

*Falkowski v. Imation Corp.*
    309 F.3d 1123 (9th Cir. 2002) ................................................................................ 11

*Gray v. Seaboard Securities, Inc.*
    126 Fed. App'x 14 (2d Cir. 2005) ........................................................................... 14

*In re Lord Abbett Mut. Funds Fee Litig*
    553 F.3d 248 (3d. Cir. 2009) .................................................................................. 11

*Kircher v. Putnam Funds Trust*
    547 U.S. 633 (2006) .................................................................................................. 4

*LaSala v. Bordier et Cie*
    519 F.3d 121 (3d Cir. 2008) ..................................................................................... 8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*
    547 U.S. 71 (2006) .................................................................................................. 10

*Univ. of S. Alabama v. Am. Tobacco Co.*
    168 F.3d 405 (11th Cir. 1999) .................................................................................. 4

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*
    341 F. Supp. 2d 258 (S.D.N.Y. 2004) .................................................................... 12

## STATUTES

15 U.S.C. § 78bb(f)(1) ..................................................................................................... 11

15 U.S.C. § 78bb(f)(3)(B)(i) ............................................................................................ 10

15 U.S.C. § 78bb(f)(4) ..................................................................................................... 10

15 U.S.C. § 78bb(f)(5)(D) ................................................................................................. 8

15 U.S.C. §§ 78bb(f)(1) ..................................................................................................... 5

O.R.S. 348.844 ................................................................................................................... 1

O.R.S. 348.844(3) .............................................................................................................. 1

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067

O.R.S. 348.853(1) ............................................................................................................................. 1

O.R.S. 348.853(3) ............................................................................................................................. 7

## OTHER AUTHORITIES

144 Cong. Rec. S4811, 1998 WL 243654 (1998) .......................................................................... 10

Securities Litigation Uniform Standards Act ................................................................................... 5

Report of the Senate Committee on Banking, Housing and Urban Affairs
    S. Rep. 105-182, 1998 WL 226714 (1998) ............................................................................. 6

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067

**PRELIMINARY STATEMENT**

Over the past several decades, the cost of a college education has risen exponentially. In response to this development, the Oregon Legislature created the Oregon 529 College Savings Network ("OCS Network"), a qualified college savings program, to provide Oregon families with the opportunity to save for their children's college education and to allow them to take advantage of federal and state tax benefits while doing so. O.R.S. 348.844, 348.853(1). Oregonians who wish to participate in the OCS Network ("Participants") may open an account and each account must be invested in one or more of the Investment Portfolios offered by the Oregon College Savings Plan Trust ("Oregon Trust" or "Plaintiff"). Program Management Agreement (hereinafter, "PMA") § 4.2 (Declaration of Scott A. Shorr in Support of the State of Oregon's Motion to Remand and in Response to Defendants' Motion to Dismiss (hereinafter, "Shorr Decl."), Ex. 1). While accounts are held in the name of a Designated Beneficiary, Participants and Designated Beneficiaries have no "individual ownership or interests in any asset of the Trust." Second Amended and Restated Declaration of Trust Establishing Oregon College Savings Plan Trust ("Declaration of Trust") § 3.2 (Shorr Decl., Ex. 3). Title to all assets held in the Trust is vested solely in the Oregon Board. *Id*. In addition, the Declaration of Trust recognizes the Board's right to bring claims relating to the assets in the Trust. *Id.* § 12.5.

The Legislature intended that contributions to the OCS Network would be administered and invested by the private sector in accordance with the guidance provided by the Oregon 529 College Savings Board ("Oregon Board"). O.R.S. 348.844(3). In June 2004, the Board selected Defendants to provide these investment and administrative services. The Program Management Agreement entered into by the Board with OppenheimerFunds, Inc. ("OFI") and

Page 1 -  PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
           MOTION TO DISMISS

OppenheimerFunds Distributor, Inc ("OFDI") provided, among other things, that OFI would recommend and offer a number of Investment Portfolios each comprised of one or more Underlying Funds. PMA § 4.4 (Shorr Decl., Ex. 1). The parties further agreed that OFI would:

(1) invest the assets in each Investment Portfolio in accordance with allocation guidelines approved by the Oregon Board;

(2) determine that the investment objectives, policies, and practices of the Underlying Funds are consistent with the Oregon Board's investment policy, *id.* § 5.2(b); and

(3) review the Investment Portfolios and Underlying Funds to insure that they remain in accordance with the investment policy and allocation guidelines, and propose changes thereto as necessary, *id.* §§ 4.1, 5.3(a).

PMA §§ 4.1, 5.2, 5.3. In short, the Oregon Board entrusted OFI with the investment and management of funds held by the Oregon Trust, but at the same time required Defendants to abide by Board-approved policies and investment objectives.

The Board's investment policy made perfectly clear that ultraconservative and conservative Portfolios would be comprised of low-risk investments whose objectives were income and protection of principal with minimal growth, and that even moderate, balanced and more aggressive Portfolios would be invested partially in conservative bond funds to balance higher-risk investments in equity securities funds. Compl. ¶ 2. From the outset of its relationship with the Oregon Trust, OFI recommended, solicited, and sold the OppenheimerFunds Core Bond Fund (originally presented to the Oregon Board as the Oppenheimer Bond Fund) to a number of the Trust's Investment Portfolios. Compl. ¶ 4. OFI recommended and sold the Core Bond Fund as an ordinary bond fund that sought to protect principal, obtain income, and generate minimal growth through investments primarily in high quality corporate bonds with an ancillary focus on government bonds. *Id.* ¶¶ 4-5. In other

Page 2 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
           MOTION TO DISMISS

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400   FAX (503) 373-7067

words, OFI represented that the Core Bond Fund was an appropriate low-risk investment for the Trust's Portfolios.

Initially, the Core Bond Fund appeared to be the ordinary, low-risk bond fund that OFI represented it to be. *Id.* ¶ 4. Over time, however, the Core Bond Fund became a hedge-fund like investment fund that took extreme, speculative risks in search of extraordinary returns. *Id.* ¶ 5. In particular, the fund made high-risk bets by selling credit default swaps and other complex and risky derivative instruments to Wall Street firms seeking protection against potential losses on mortgage-backed securities investments. *Id.* ¶ 5. As a result, the Core Bond Fund no longer operated in accordance with the Oregon Board's approved investment policy and no longer was an appropriate low-risk investment for the Oregon Trust's Portfolios.

Nonetheless, OFI continued to recommend, solicit and sell the fund to the OCS Network's portfolios, but failed to inform the Oregon Board of the changes in the fund's investment objectives, policies and practices. *Id.* ¶ 6. OFI also failed to recommend that the Oregon Trust sell shares of the Core Bond Fund held by the Trust, as was its contractual duty, when the Core Bond Fund no longer met the conservative objectives required by the Oregon Board. *Id.* ¶ 93. Even after the Core Bond Fund suffered what OFI called "mind-numbing" losses in 2008, OFI continued to advise the Oregon Board that the OCS Network's portfolios should continue to invest in the fund. *Id.* ¶ 8.

OFI's actions were in blatant disregard of the contractual and fiduciary duties it owed to the Oregon Trust, in violation of the Oregon Securities Law, and were negligent. As a direct result of these unlawful actions, the Oregon Trust suffered damages in excess of $36.2 million. Through the present action, the Oregon Board seeks to recoup the Trust's losses.

Page 3 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
            MOTION TO DISMISS

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400   FAX (503) 373-7067

## **PROCEDURAL POSTURE**

On April 13, 2009, the State of Oregon, by and through the Oregon Board and the Oregon State Treasurer on behalf of the Oregon Trust, filed suit against Defendants OFI, OFDI, and OFI Private Investments, Inc. in the Circuit Court of the State of Oregon for the County of Marion. The State of Oregon's complaint asserts claims against Defendants for violations of the Oregon Securities Law, breach of contract, breach of fiduciary duty, negligence, and negligent misrepresentation.

On May 15, 2009, Defendants removed this action to this Court. Defendants filed their motion to dismiss on May 26, 2009. This response to Defendants' motion to dismiss is being filed on the same day as Plaintiff's motion to remand. Initially, the Court must decide whether this action should be remanded before considering Defendants' motion to dismiss. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."); *see also Arora v. Hartford Life and Annuity Ins. Co.*, 519 F. Supp. 2d 1021, 1024 (N.D. Cal. 2007) (granting motion to remand and therefore declining to rule on motions to dismiss).

Plaintiff's motion to remand asserts that this action is not removable under SLUSA and, even if it were removable, Defendants waived their right to remove. Because a motion to remand asserting that an action is not removable under SLUSA presents a jurisdictional issue, *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006), this Court first must determine whether this action is removable, which it is not. If the Court determines that this action is removable, the Court next should consider whether Defendants have waived their right to

Page 4 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
          MOTION TO DISMISS

remove, which they have. If the Court determines that this action is not removable or that Defendants have waived their right to remove, then the Court must remand this action to Marion County state court. The Marion County court may then consider the substantive issue of whether some or all of Plaintiff's claims are precluded by SLUSA. The Court should consider Defendants' motion to dismiss only if it concludes both that this action is removable under SLUSA and that Defendants have not waived their right to remove.

## ARGUMENT

### I. The State of Oregon's Action Is Not Precluded under SLUSA.

Defendants assert that all of the Oregon Trust's claims must be dismissed because these claims are precluded by the Securities Litigation Uniform Standards Act ("SLUSA").[1] Defendants are wrong.

SLUSA precludes certain kinds of plaintiffs from asserting certain state-law securities claims, and makes any state-court action asserting one or more precluded claims removable to federal court. 15 U.S.C. § 78bb(f)(1), (2). As set forth in Plaintiff's Memorandum in Support of Motion to Remand ("Remand Memorandum"), this action is not removable under SLUSA because: (1) it is not a covered class action; and (2) even if it were, SLUSA preserves actions, such as this one, brought by a state. For the same reasons, the Oregon Trust's claims are not precluded.[2] In addition, even if this action were a covered class action, and even if the state

---

[1] SLUSA amended both the Securities Act of 1933 (the "1933 Act") and the Securities Exchange Act of 1934 (the "1934 Act"). The 1933 Act amendments are codified at 15 U.S.C. § 77p. The 1934 Act amendments, which are functionally identical, are codified at 15 U.S.C. § 78bb(f). For convenience, Plaintiff cites only to the 1934 Act in this brief.

[2] To avoid unnecessary repetition, Plaintiff respectfully refers the Court to its Remand Memorandum for Plaintiff's principal arguments that this action is neither removable under nor precluded by SLUSA.

Page 5 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

action exception did not apply, the Trust's breach of contract claim would not be precluded because it states a claim that is not based on a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security.

### A. This Action Is not a Covered Class Action.

Defendants attempt to make much of SLUSA's legislative history, but ignore its plain language. In particular, Defendants contend that this action "is, in substance, a mass-plaintiff action brought directly by the Trust Beneficiaries." Defs.' Mem. Supp. Mot. Dismiss at 24. The actual facts of this case, and SLUSA's language and legislative history, demonstrate that this contention is not true.

As enacted, SLUSA provides that "a corporation, investment company, pension plan, partnership, *or other entity*, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in the action." 15 U.S.C. § 78bb(f)(5)(D) (emphasis added). As discussed at length in Plaintiff's Remand Memorandum, the Oregon Trust is a single entity trust that is excluded by SLUSA's plain language from the definition of "covered class action." Pl.'s Mem. Supp. Mot. Remand at 7-16.

In its report on the SLUSA bill, the Senate Committee on Banking, Housing, and Urban Affairs stated that "[t]he Subcommittee on Securities heard testimony from the Securities and Exchange Commission and others that the definition of class action originally drafted as part of [the bill] would inadvertently include cases that were beyond the intent of the legislation." S. Rep. 105-182, 1998 WL 226714, at *6 (1998). "In response to these concerns, the Committee made several significant changes to the definition of class action." *Id.* Among other things:

> The class action definition [was] <u>changed</u> . . . to ensure that the legislation <u>does not cover</u> instances in which <u>a person or entity is</u>

Page 6 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
           MOTION TO DISMISS

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067

> <u>duly authorized by law</u>, other than a provision of state or federal law governing class action procedures, <u>to seek damages on behalf of another</u> person or entity.  Thus, a trustee in bankruptcy, a guardian, a receiver, and other persons or entities duly authorized by law (other than by a provision of state or federal law governing class action procedures) to seek damages on behalf of another person or entity <u>would not be covered</u> by this provision.

*Id.* at *7 (emphasis added).

The Oregon Board – as trustees of the Oregon Trust – is duly authorized to "maintain, invest and reinvest the funds contributed into the [OCS] [N]etwork."  O.R.S. 348.853(3).  Inherent in this power is the power to seek damages on behalf of the Trust.  *See* Declaration of Trust § 12.5.  SLUSA's plain language, buttressed by the Senate Committee's reasons for amending the definition of covered class action, plainly establishes that Congress did not – and did not intend to – preclude entities such as the Oregon Trust from asserting state-law securities claims.[3]

Defendants argue that references in the complaint to the families who contributed funds to the OCS Network to invest for their children's college education and to the children who are the beneficiaries of these contributions establish that this action is subject to SLUSA.  Defs.' Mem. Supp. Mot. Dismiss at 21-25.  Defendants admit, however, that bringing an action on behalf of the Oregon Trust is the proper means of asserting the claims stated in the complaint.

---

[3] As discussed in Plaintiff's Remand Memorandum, the claims asserted in this action belong to the Oregon Trust, not to the beneficiaries of the Trust.  Pl.'s Mem. Supp. Mot. Remand at 11-15.  While any recovery will be apportioned in some manner among certain Designated Beneficiaries after this lawsuit is complete, the claims are asserted, and can only be asserted, by the Board on behalf of the Trust.  But even if the claims were asserted on behalf of the Designated Beneficiaries, this action still would not be a covered class action because SLUSA provides that entities such as the Oregon Board shall be counted as one person so long as they are not established for the purpose of participating in the action.

Page 7 -  PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

*Id.* at 22.  In fact, it is the *only* means of asserting these claims, because the claims belong to the Trust and not to the beneficiaries.  *See* PMA §§ 3.2, 12.5 (Shorr Decl., Ex. 1).

Moreover, Defendants completely ignore SLUSA's stipulation that an entity such as the Oregon Trust "shall be treated as one person" in determining the number of persons on whose behalf claims are brought.  *See* 15 U.S.C. § 78bb(f)(5)(D).  Because they do not even mention this provision, Defendants offer no basis for this Court to conclude that the Oregon Trust should be counted as more than one person.  Nor is there any basis for such a conclusion.  The mere mentioning of Participants and Designated Beneficiaries has no bearing on whether the Oregon Trust is the proper entity, duly authorized by law, to bring the claims asserted in the complaint.

Defendants also argue that this action raises issues of law and fact that predominately are common to the Designated Beneficiaries.  Defs.' Mem. Supp. Mot. Dismiss at 20.  The only such issue that Defendants identify, however, is the harm caused by Defendants' wrongful conduct.  *See id.*  In fact, as discussed in Plaintiff's Remand Memorandum, the issues that this action raises do not even involve the beneficiaries of the Oregon Trust.  Pl.'s Mem. Supp. Mot. Remand at 11-15.  Indeed, the Oregon Trust does not need to prove that any Designated Beneficiary was injured by Defendants' conduct.  It only needs to prove that the Trust itself was injured.  As the Third Circuit held in *LaSala v. Bordier et Cie*, 519 F.3d 121 (3d Cir. 2008), where the ultimate beneficiaries of any recovery "need not prove anything regarding themselves in order to succeed," claims brought by a single entity are not subject to SLUSA by virtue of the fact that the recovery ultimately will be distributed among more than 50 persons.  519 F.3d at 134.  This action presents exactly that scenario.  After this litigation is complete, any recovery obtained by the Trust will be credited in some manner to the accounts of certain Designated Beneficiaries.

Page 8 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
           MOTION TO DISMISS

Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067

The Trust, however, need not prove anything regarding the Designated Beneficiaries in order to prevail on its claims. Therefore, this action is not a covered class action.

### B. This Action Does not Implicate the Potential Abuses that SLUSA Sought to Remedy.

Defendants further contend that this action "is clearly subject to the potential abuses [of class action procedures] foreseen by Congress when enacting the PSLRA and SLUSA." Defs.' Mem. Supp. Mot. Dismiss at 25. Defendants identify these potential abuses as "rampant commencement of non-meritorious actions, . . . vexatious discovery requests, manipulative plaintiffs' attorneys, and deliberate targeting of deep pocketed defendants." *Id*. at 17.

Concerned though Congress may have been about perceived abuses in class action securities cases, its concerns do not extend to actions brought by state entities such as the Oregon Trust. The Oregon Trust has no history of engaging in non-meritorious litigation, much less rampantly commencing such litigation. Similarly, the Oregon Attorney General and the Oregon Department of Justice, who serve as the Trust's counsel in this matter, are most certainly unlikely to manipulate the Board into filing meritless litigation. And while Defendants may have deep pockets, this action targets them not for the depth of their pockets but because they entered into and violated a contractual relationship *with the Oregon Trust* to manage funds contributed into the OCS Network and to provide investments appropriate for the Trust. Defendants breached these duties and in the process violated other provisions of Oregon law. This is why they find themselves defending the claims asserted by the Trust.

The Oregon Trust, however, need not rely on a point-by-point refutation of the applicability of Congress's concerns. Congress itself already has determined that its concerns do not apply to entities such as the Oregon Trust. SLUSA expressly exempts actions brought by "a

State or political subdivision thereof." 15 U.S.C. § 78bb(f)(3)(B)(i). In offering this state-action exception as an amendment to the SLUSA bill, Senator Sarbanes stated that "State and local governments and their pension plans . . . have never abused the system. They have to go through an elaborate process to even bring suit. They obviously are concerned with protecting the public and the taxpayers . . . ." 144 Cong. Rec. S4811, 1998 WL 243654, *S4811 (1998). Senator D'Amato, a sponsor of the SLUSA bill, responded that sponsors had no objection to this amendment and further stated that "[t]here is no record of . . . class-action suits being brought" by states, counties, or other public entities. *Id.*

As set forth in Plaintiff's Remand Memorandum, the Oregon Board is an agency of the State of Oregon and the Oregon Trust was established to hold funds contributed to a state-created college savings plan. Pl.'s Mem. Supp. Mot. Remand at 16-20. Indeed, the Supreme Court has recognized that SLUSA "carefully exempts . . . actions brought by a state agency or pension plan." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006). The present action is precisely the sort of state action that Congress intended to exempt from SLUSA.

Defendants argue that this exception applies only to regulatory or enforcement actions brought by a state or state agency. Defs.' Mem. Supp. Mot. Dismiss at 30. Defendants have confused the state action exception with a separate provision of SLUSA that permits "[t]he securities commission (or any agency or office performing like functions) of any State . . . to investigate and bring enforcement actions." *See* 15 U.S.C. § 78bb(f)(4). Quite simply, the fact that SLUSA *also* permits states to bring regulatory actions to enforce state securities laws does not mean that it prohibits states and state agencies from maintaining other types of state-law securities actions. *Compare* 15 U.S.C. § 78bb(f)(3)(B)(i) *with* 15 U.S.C. § 78bb(f)(4). If

Congress intended to permit states to bring claims only in their capacity as securities regulators, it need not have included the specific state-action exception at all – the separate provision allowing states to bring enforcement actions already accomplishes this objective. Thus, the state action exception must provide something more. Namely, it must mean that states and state agencies may bring any type of state-law securities action.

## II.    **The State of Oregon's Breach of Contract Claim Is Not Precluded under SLUSA.**

Even if this action were a covered class action, and even if the state action exception were not applicable, SLUSA still would not preclude the Oregon Trust's breach of contract claim. SLUSA does not require dismissal of an entire complaint if only some claims are precluded. *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 257 (3d. Cir. 2009) . Therefore, courts must analyze each claim independently to determine whether the claim is precluded. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131 (9th Cir. 2002) (holding that SLUSA precluded fraud claim but not breach of contract claim).

Where the other elements of SLUSA are met (i.e., the action is a covered class action, the claims are state-law claims, and the action involves a covered security), a claim is precluded only if it alleges:

> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1). Defendants contend that all of the Oregon Trust's claims are precluded under the misrepresentations or omissions prong. Defs.' Mem. Supp. Mot. Dismiss at 27-28. The Trust concedes that, if the other elements of SLUSA are met, this section may apply to its

Page 11 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Oregon Securities Law, breach of fiduciary duty, negligence and negligent misrepresentation claims as currently pled. The Trust's breach of contract claim, however, would not be precluded even if the other elements are met.

Courts have held that this prong requires dismissal of a state-law claim only if it "relies on misstatements or omissions as a 'necessary component' of the claim." *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258, 266 (S.D.N.Y. 2004). This includes both explicit claims of fraud and other state-law claims that sound in fraud. *Id.* "A claim sounds in fraud when, although not an essential element of the claim, the plaintiff alleges fraud as an integral part of the conduct giving rise to the claim." *Id.* at 269. Thus, a claim is precluded only if "plaintiff is pleading fraud in words or substance." *Id.* at 268.

Applying the "necessary component" test, the *Xpedior* Court held that SLUSA did not preclude plaintiff's claims, including a breach of contract claim, because plaintiff "allege[d] only that [defendant] acted contrary to its express and implied duties." *Id.* at 269. While the court noted that "a contract claim might sound in fraud if plaintiff alleges that defendant entered into the contract with the then-present intention not to perform," it found that plaintiff's contract claim did not sound in fraud because it "require[d] no evidence of [defendant's] mental state." *Id.*

As in *Xpedior*, the Oregon Trust alleges that Defendants breached express contractual duties. Compl. ¶¶ 125, 127. Defendants' express duties include OFI's duty to manage the assets of the Oregon Trust in accordance with the Oregon Board's investment policy; OFI's duty to allocate assets in the OCS Network portfolios in accordance with guidelines approved by the Board; OFI's duty to determine that the investment objectives, policies and practices of the

Page 12 -   PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
           MOTION TO DISMISS
                                Department of Justice
                                1162 Court Street, NE
                              SALEM, OREGON 97301-4096
                          TEL. (503) 934-4400  FAX (503) 373-7067

underlying funds in which assets are invested are consistent with the Board's investment policy; OFI's duty to review at least annually the OCS Network portfolios; and, OFI's duty to propose modifications of underlying funds in which the portfolios invest. *Id.* ¶ 37. Proving that Defendants breached these express duties, as well as its other express duties, does not require proof of Defendants' mental state. As such, the Oregon Trust's breach of express contractual duties claim does not sound in fraud and is not precluded by SLUSA.

The Oregon Trust further alleges that Defendants breached a number of representations, warranties, and covenants. *Id.* ¶¶ 125, 127. Among other things, OFI and OFDI represented that marketing materials prepared for the OCS Network would not contain any material misrepresentations or omissions. *Id.* ¶¶ 35, 36. Defendants breached this representation by including material misrepresentations or omissions in marketing materials distributed to OCS Network participants. *Id.* ¶ 101. These misrepresentations and omissions, however, were not made in connection with the purchase or sale of a covered security. Rather, they were made in connection with the strategy employed by Defendants in structuring the OCS Network portfolios. While Plaintiff concedes that the Oppenheimer Core Bond Fund is a covered security, the portfolios are not covered securities. The Oregon Trust need not prove that Defendants misrepresented the Core Bond Fund. The Trust only need prove that, by investing assets in the Core Bond Fund, Defendants misrepresented the investment strategy according to which assets in the portfolios were invested. Therefore, even if this aspect of the Trust's breach of contract claim sounds in fraud, it is not a claim of fraud in connection with a covered security.

Finally, the Oregon Trust alleges that Defendants owed the Trust the duty of good faith and fair dealing, that the Trust reasonably expected that materials prepared or provided by

Page 13 -  PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS

Defendants pursuant to the Program Management Agreement would not contain material misstatements or omissions, and that Defendants breached the duty of good faith and fair dealing by preparing and providing materials that contained material misstatements and omissions. *Id.* ¶¶ 126, 127.  As with Defendants' breaches of representations, the Oregon Trust only must prove that Defendants misrepresented that they had structured the OCS Network portfolios in accordance with the Oregon Board's investment policy and the asset allocation guidelines approved by the Board.  Defendants' failure to structure and maintain the portfolios in accordance with the investment policy and the asset allocation guidelines is not in substance a claim of fraud in connection with the purchase or sale of a covered security, and the Trust's claim therefore is not precluded by SLUSA.

Defendants rely principally on *Gray v. Seaboard Securities, Inc.*, 126 Fed. App'x 14 (2d Cir. 2005).  In *Gray*, plaintiff's breach of contract claim "consist[ed] of the provision of investment advice that [did] not conform to the contract and '[t]he commissions giving rise to the claimed breach of contract . . . only accrued when plaintiffs purchased or sold securities through' the defendant." *Id.* at 17 (quoting *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 49 (2d Cir. 2005)).  *Gray* is distinguishable because here Defendants did not simply breach their duty to provide accurate investment advice.  Rather, Defendants breached their duty to structure OCS Network portfolios as provided for by the Program Management Agreement and to provide management services consistent with the Board-approved policies and objectives.  Defendants further breached their contractual obligations by stating in marketing materials and other materials prepared and provided by the Defendants that the portfolios were structured as required.  Thus, Defendants' reliance on *Gray* is misplaced.

Page 14 -  PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
                  MOTION TO DISMISS
Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067

**CONCLUSION**

For all of the reasons stated above, the State of Oregon respectfully requests that the Court deny Defendants' Motion to Dismiss.

DATED this 9th day of June, 2009.

**Keith S. Dubanevich**, OSB No. 975200
Special Counsel, Office of the Attorney General
Email: keith.dubanevich@doj.state.or.us
**Frederick M. Boss,** OSB No. 911424
Division Administrator, Civil Enforcement
Email: fred.boss@doj.state.or.us
**Simon Whang**, OSB No. 035282
Assistant Attorney General
Email: simon.c.whang@doj.state.or.us
JOHN R. KROGER, Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone:   (503) 934-4400
Facsimile:    (503) 373-7067

and

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ Keith A. Ketterling
  **Keith A. Ketterling,** OSB No. 91336
  **Scott A. Shorr**, OSB No. 961873
  **Jennifer S. Wagner**, OSB No. 024470

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:    (503) 227-6840
Email:          kketterling@stollberne.com
                   sshorr@stollberne.com
                   jwagner@stollberne.com

Attorneys for Plaintiff

Trial Attorneys:   Keith S. Dubanevich, OSB No. 975200
                          Keith A. Ketterling, OSB No. 913368

Page 15 -  PLAINTIFF THE STATE OF OREGON'S RESPONSE TO DEFENDANTS'
            MOTION TO DISMISS
Department of Justice
1162 Court Street, NE
SALEM, OREGON 97301-4096
TEL. (503) 934-4400  FAX (503) 373-7067