Barnes H. Ellis, OSB No. 640325
bhellis@stoel.com
Brad S. Daniels, OSB No. 025178
bsdaniels@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants OppenheimerFunds, Inc.; OppenheimerFunds Distributor, Inc.; and OFI Private Investments Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| THE STATE OF OREGON, by and through the OREGON 529 COLLEGE SAVINGS BOARD AND THE OREGON STATE TREASURER on behalf of the OREGON COLLEGE SAVINGS PLAN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>OPPENHEIMERFUNDS, INC., a Colorado corporation; OPPENHEIMERFUNDS DISTRIBUTOR, INC., a New York corporation; and OFI PRIVATE INVESTMENTS INC., a New York corporation,<br><br>Defendants. | Case No. 09-CV-06135-HO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendants OppenheimerFunds, Inc. (together with its subsidiaries, "OFI"); OppenheimerFunds Distributor, Inc.; and OFI Private Investments Inc. respectfully submit this

Page 1 – **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

reply memorandum of law in support of their Motion to Dismiss Plaintiffs' claims pursuant to the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb, *et seq.* ("SLUSA").[1]

## I. PRELIMINARY STATEMENT

Plaintiffs' Complaint is precluded by SLUSA because it is a covered class action brought under state law that alleges misrepresentations or omissions in connection with the purchase or sale of a covered security. Under SLUSA, Plaintiffs' state law claims must be dismissed.

In response to Defendants' Motion to Dismiss, Plaintiffs make three arguments: (1) the action is not a "covered class action"; (2) in the alternative, the action is not removable because "SLUSA preserves actions, such as this one, brought by a state"; and (3) the breach of contract claim "would not be precluded because it states a claim that is not based on a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." (Pl. Resp. to Def. Mot. to Dismiss at 5-6.) Plaintiffs' three arguments are addressed substantially in Defendants' Memorandum in Support of Motion to Dismiss ("Def. Mem. in Sup. of Mot. to Dismiss") and in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Def. Mem. in Opp. to Pl. Mot. to Remand"), both of which are incorporated herein by reference.

## II. ARGUMENT

**A.    The Complaint Alleges a "Covered Class Action."**

Plaintiffs assert that the Oregon College Savings Plan Trust (the "Trust") is to be considered a "single entity trust" under SLUSA and, therefore, should be considered to be a single person under SLUSA's counting provisions. (Pl. Resp. to Def. Mot. to Dismiss at 6-9.)

---

[1] SLUSA added identical language to both the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* See 15 U.S.C. §§ 77p, 78bb(f).

Under Oregon law, however, the Trust is not an "entity," and nothing in the plain language of SLUSA or its legislative history suggests otherwise. (*See* Def. Mem. in Sup. of Mot. to Dismiss at 16-25; Def. Mem. in Opp. to Pl. Mot. to Remand at 14-24.)

**B.    The Complaint Does Not Seek Damages "on Behalf of" the State.**

Plaintiffs assert that SLUSA is inapplicable because the claims are being brought "by" the State of Oregon (the "State") or a political subdivision. (Pl. Resp. to Def. Mot. to Dismiss at 9-11.) The Complaint, however, concedes that Plaintiffs are seeking damages "on behalf of" thousands of investors to recover for investment losses allegedly caused by misrepresentations and omissions made in connection with the purchase of shares of Core Bond Fund—not on behalf of the State, the Board, or the Trustees. Indeed, Plaintiffs' assertions to the contrary are flatly contradicted by their own Complaint, their own public statements about their claims, and the key governing documents that define their rights. (*See* Def. Mem. in Sup. of Mot. to Dismiss at 30-32; Def. Mem. in Opp. to Pl. Mot. to Remand at 8-13, 24-27.)

**C.    Plaintiffs' Breach of Contract Claim Alleges a Misrepresentation or Omission of a Material Fact in Connection with the Purchase or Sale of a Covered Security.**

Plaintiffs argue that the Complaint's alleged misstatements and omissions related to Core Bond Fund are not necessary components of the breach of contract claim and, therefore, the contract claim is not preempted by SLUSA. (Pl. Resp. to Def. Mot. to Dismiss at 11-14.) Plaintiffs essentially concede that all other claims alleged in the Complaint would be precluded under SLUSA and must be dismissed. Moreover, because the factual allegations regarding the contract claim are the same as those giving rise to the state law securities claims precluded by SLUSA, the contact claim too is precluded. (*See* Def. Mem. in Sup. of Mot. to Dismiss at 27-30.)

Page 3 – **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' reliance on *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004), is misplaced. The ruling in *Xpedior* does not stand for the proposition that only claims requiring proof of a defendant's mental state are preempted by SLUSA. Instead, a claim is preempted by SLUSA "when, although not an essential element of the claim, the plaintiff alleges fraud as an integral part of the conduct giving rise to the claim." *Id.* at 269. Unlike here, the *Xpedior* complaint contained "no such allegations" that sounded in fraud. *Id.* This is in stark contrast to Plaintiffs' Complaint, where allegations of fraudulent conduct are present throughout, and even specifically mentioned in relation to the alleged breach of contract. (*See, e.g.,* Compl. ¶ 6 ("Defendants knowingly failed to disclose the following material facts in violation of their contractual duties and Oregon law . . . .").) The *Xpedior* court further explained that, in a breach of contract setting, when "representations referred to had been described as fraudulent earlier in the complaint, it require[s] no great leap to conclude that the plaintiff was necessarily alleging an untrue statement or omission of a material fact." 341 F. Supp. 2d at 266-67. Here, it is clear that Plaintiffs are "pleading fraud in words or substance" in its breach of contract claim. *Id.* at 268. Plaintiffs' breach of contract claim includes the following specific allegations:

> Plaintiff had a reasonable expectation that any materials prepared by Defendants pursuant to the PMA would not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made therein not misleading in light of the circumstances under which they were made. Plaintiff also had a reasonable expectation that any information provided by Defendants pursuant to the PMA would not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made not misleading in light of the circumstances under which they were made.

(Compl. ¶ 126.)

While Plaintiffs concede that their breach of contract claim will depend on proving the existence of "misrepresentations or omissions in marketing material distributed," Plaintiffs assert that these statements "were not made in connection with the purchase or sale of a covered security." But the damages alleged as a result of Defendants' purported breach of contract, $36.2 million, were incurred in connection with the purchase of Core Bond Fund shares. (Compl. ¶¶ 104, 113, 121.) Because the Complaint alleges that the Trust's "losses are the direct result of Defendant's breach of contractual duties, breach of fiduciary duties owed to the Oregon Trust, negligence, and violations of the Oregon Securities Law" (Compl. ¶ 9), the alleged damages for the breach of contract necessarily depend on the alleged misrepresentations or omissions of a material fact in connection with the purchase or sale of Core Bond Fund shares.

### III. CONCLUSION

For the foregoing reasons and those in their Opening Memorandum, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

DATED: June 22, 2009

STOEL RIVES LLP

/s/ Barnes H. Ellis
Barnes H. Ellis, OSB No. 640325
bhellis@stoel.com
Brad S. Daniels, OSB No. 025178
bsdaniels@stoel.com
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants OppenheimerFunds, Inc.; OppenheimerFunds Distributor, Inc.; and OFI Private Investments Inc.

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** on the following named person(s) on the date indicated below by

- ☐ mailing with postage prepaid
- ☒ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☐ email
- ☒ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Keith S. Dubanevich<br>Fredrick M. Boss<br>Simon Whang<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR  97301-4096<br>(Cm/ECF Service) | Keith A. Ketterling<br>Scott A. Shorr<br>Jennifer A. Wagner<br>Stoll Stoll Berne Lokting & Schlachter PC<br>209 SW Oak Street, 5th Floor<br>Portland, OR  97204<br>(Hand Delivery) |

DATED: June 22, 2009.

STOEL RIVES LLP

/s/ Barnes H. Ellis
Barnes H. Ellis, OSB No. 640325
bhellis@stoel.com
Brad S. Daniels, OSB No. 025178
bsdaniels@stoel.com
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Page 1 – **CERTIFICATE OF SERVICE**

Portlnd3-1669155.1 0035683-00001