IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
THE STATE OF OREGON, by and through  )
OREGON 529 COLLEGE SAVINGS BOARD AND  )
THE OREGON STATE TREASURER on behalf  )
of the OREGON COLLEGE SAVINGS PLAN    )
TRUST,                                )
                                      )
                    Plaintiff,        )   Civil No. 09-6135-HO
                                      )
      v.                              )   ORDER
                                      )
OPPENHEIMERFUNDS, INC., a Colorado    )
corporation; OPPENHEIMERFUNDS         )
DISTRIBUTOR, INC., a New York         )
corporation; and OFI PRIVATE          )
INVESTMENTS INC., a New York          )
corporation,                          )
                                      )
                    Defendants.       )
```

On April 13, 2009, the State of Oregon, through the Oregon 529 College Savings Board and the Oregon State Treasurer on behalf of the Oregon College Savings Plan Trust, filed this case against defendants OppenheimerFunds, Inc. ("OFI"), OppenheimerFunds Distributor, Inc ("OFDI"), and OFI Private Investments, Inc. in the Circuit Court for the State of Oregon, County of Marion.  On May

15, 2009, defendants removed the case to this court asserting removability pursuant to the Securities Litigation Uniform Standards Act (SLUSA).

The Complaint alleges six causes: (1) violation of Oregon Securities Law, ORS § 59.137; (2) violation of Oregon Securities Law, ORS §§ 59.115(1)(b) and 59.135; (3) breach of contract; (4) breach of fiduciary duty; (5) negligence; and (6) negligent misrepresentation. Complaint (attached to #1) ¶¶ 21-104. Defendants move to dismiss contending that the case is governed exclusively by federal law and preempted by the SLUSA. Plaintiffs have moved to remand. The motion to remand must be considered first because it raises a jurisdictional issue. The motions, however, are opposites sides of the same coin. The core issue reduces to whether the action is a covered class action for purposes of SLUSA and that issue resolves in plaintiffs' favor if the Oregon 529 College Savings Board is a single entity rather than a class of trust beneficiaries.

The Oregon 529 College Savings Network is a qualified college savings program created by the Oregon Legislature to allow families and individuals to take advantage of tax incentives in saving for college. The Oregon 529 College Savings Board is an agency of the State of Oregon that maintains the Network and ensures its compliance with section 529 of the Internal Revenue Code. Accordingly, the Board created the Oregon College Savings (OCS) Plan and the Oregon Trust to hold funds contributed to the OCS

2 - ORDER

Plan. Participants and designated beneficiaries have no individual ownership interest in any asset of the Trust and title to all assets held in the Trust is vested solely in the Oregon 529 College Savings Board as fiduciaries.

On June 4, 2004, the Oregon 529 College Savings Board executed a program management agreement (PMA) with defendant OFI providing that OFI would serve as program manager for the OCS Plan. OFI recommended and the Oregon 529 College Savings Board approved the inclusion of a mutual fund, the Core Bond Fund, as one component of certain plan portfolios offered to the trust beneficiaries through the OCS Plan.

The Oregon 529 College Savings Board alleges that defendants recommended the Core Bond Fund as an appropriate low-risk investment for the Trust's portfolios. The Board further alleges that over time, the Fund became a hedge-fund like investment that took extreme speculative risks such as selling credit default swaps and other complex derivative instruments to Wall Street firms seeking protection against potential losses on mortgage-backed securities investments. Specifically, Oregon 529 College Savings Board alleges that OFI failed to inform the Board of the changes in the fund's investment policies and objectives and failed to recommend that the Oregon Trust sell shares of the Core Bond Fund, as it was contractually obliged to do, when the Fund no longer met the conservative objectives required by the Board. As a result of the tumultuous 2007 and 2008 economic conditions involving the

3 - ORDER

subprime mortgage crises and global credit crises, the Core Bond Fund lost significant value. The Oregon 529 College Savings Board alleges that the Oregon Trust suffered damages in excess of $36.2 million.

As noted, the Plan beneficiaries have no ownership interest in any asset of the Trust. Further, the provisions of the PMA

> are solely for the benefit of OFI, OFDI and the Board, as well as the Trust, and nothing in this Agreement shall be construed to give to any other person (including, but not limited to, any Account Owner or Designated Beneficiary or any other OFI Group Entity) any legal or equitable right, remedy or claim under or in respect of this Agreement or any provision contained herein.

PMA (attached to Declaration of Scott A. Shorr (#13) as Exhibit 1) at Section 18.8.

However,

> In any judicial proceeding affecting any property or security constituting, in whole or in part, a Portfolio, each Participant and Designated Beneficiary shall be deemed to be fully represented by the Trustees for all purposes if the Trustees shall be parties to such proceeding, and as such, duly before the tribunal in which such proceeding shall be pending.

Declaration of Trust (attached to Affidavit of Barnes H. Ellis (#5) as Exhibit 1) at Section 12.5.

Any civil action brought in a state court in this division of which this court has original jurisdiction, may be removed by the defendant to this court. See 28 U.S.C. § 1441. The defendant bears the burden of establishing that removal is proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Once federal jurisdiction has been established, the objecting party bears the

4 - ORDER

burden of proof as to the applicability of any express statutory exception. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007).

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
>> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(2).

> To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded. [footnote omitted] As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable. See Kircher, 547 U.S. at 644, 126 S.Ct. 2145; see also Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 131-32 (2d Cir.2003) (Newman, J., concurring) (noting that SLUSA's removal and preclusion provisions are "opposite sides of the same coin"). If a federal court determines that an action is not precluded under § 77p(b), it "has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state

5 - ORDER

court that can deal with it." Kircher, 547 U.S. at 644, 126 S.Ct. 2145.[1]

Madden v. Cowen & Co., 556 F.3d 786, 792-93 (9th Cir. 2009).

> A "covered class action" includes
>
> any single lawsuit in which--
>
>> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members;
>> ....

15 U.S.C. § 78bb(f)(5)(B)(I).

> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C.A. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 U.S.C.A. § 77a et seq.] pursuant to rules issued by the Commission under section 4(2) of that Act [15 U.S.C.A. § 77d(2)].

15 U.S.C. § 78bb(f)(5)(E).

Defendants assert that this action is a covered class action because damages are sought on behalf of thousands of trust beneficiaries and common questions predominate because the beneficiaries collectively allege to have suffered harm in

---

[1] The SLUSA added identical language to both the Securities Act of 1933, 15 U.S.C. § 77a, et seq., and the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, et seq. See 15 U.S.C. § 77p; 15 U.S.C. § 78bb(f).

6 - ORDER

connection with the sale and management of the Core Bond Fund which is a covered security.[2]

The only real dispute here is whether the action qualifies as a covered class action.[3] And resolution of that issues depends on whether damages are sought on behalf of more than 50 persons or prospective class members.

At first blush, the answer to the questions appears simple-the Oregon 529 College Savings Board seeks damages on behalf of the thousands of OCS plan participants alleging misrepresentations and omission of a material fact in connection with the purchase or sale of the Core Bond Fund:

> Through this action, the Oregon Board, on behalf of the Oregon Trust, seeks to recover the damages suffered by the Oregon Trust and the many Oregon families who lost substantial amounts of their college savings as the result of Defendants' wrongdoing.

Complaint at ¶ 10.

However, as noted above, only the Board and Trust may bring the action and the Plan beneficiaries have no legal interest in the assets of the Trust, e.g., the Core Bond Fund shares. There is no prospective class action in this case. Still, a "covered class

---

[2] The Core Bond Fund is a series of Oppenheimer Integrity Funds and shares of the Fund are issued by OIF. OIF is a registered investment company and as such, the shares in the Core Bond Fund meet the definition of a "covered security." 15 U.S.C. § 77r(b)(2) (securities issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940).

[3] There are also issues of whether removal has been waived and even if this is a covered class action, whether the state action exemption precludes removal.

7 - ORDER

action" includes a single lawsuit where damages are sought on behalf of more than 50 persons. The issue is further complicated by the way SLUSA counts entities:

> a corporation, investment company, pension plan, partnership, or other entity, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in the action.

15 U.S.C. § 78bb(f)(5)(D). The OCS Plan Trust and the Board are single entities that hold the OCS Plan assets established before the events giving rise to this action.

Defendants assert that the OCS Plan Trust is not an entity (citing many cases in which trusts cannot sue or be sued but must act through the Trustee). The Board has brought this action and qualifies as an entity for purposes of section 78bb(f)(5)(D).[4] Moreover, the Oregon 529 College Savings Board has the capacity to sue under the PMA. The Oregon Trust is established by ORS § 348.849. The Board is, by statute, the Trustee of contributions and earnings of the OCS network. ORS § 348.869.

The Ninth Circuit discussed the issue in the context of a bankruptcy trustee:

> We are aware of no federal appellate decision interpreting SLUSA's definition of "person." However, one district court has suggested that an entity is not one person if its "primary purpose" is to pursue causes of action. See Cape Ann Investors LLC v. Lepone, 296

---

[4]Although SLUSA does not define entity, it does not use the term "legal entity." Other federal legislation has also labeled section 529 plans as entities. See, e.g., Taxpayer relief Act of 1997, PUB. L. 105-34, 111 STAT 788 (PART VIII--HIGHER EDUCATION SAVINGS **ENTITIES**"; 26 C.F.R. § 1.337(d)-4(c)(2)(i)(tax exempt **entity**).

8 - ORDER

> F.Supp.2d 4, 10 (D.Mass.2003). We adopt this sensible definition....
>
> We agree with the Settling Parties that pursuing causes of action is not the Trustee's "primary" purpose. The Debtors' Plan, under which the Trustee was appointed, provides that the Trustee will "act as the Estates' representative for all purposes, and will be responsible for (I) controlling and managing the consideration received from [McDonald's] and all Retained Assets, (ii) monetizing Retained Assets, (iii) filing, prosecuting and settling claim objections, (iv) administering the disputed claim reserve, (v) prosecuting and settling Estate causes of action, (vi) making distributions in accordance with the terms of the Plan, and (vii) winding-up and closing the Estates" (emphasis added). Because the Trustee is to "act as the Estates' representative for all purposes," and not just for the purpose of pursuing causes of action, the Trustee is one person, and the Trustee's Action is not a "single lawsuit" barred by SLUSA.
>
> <u>Smith v. Arthur Andersen LLP</u>, 421 F.3d 989, 1007-08 (9th Cir. 2005).

The Board in this case is comprised of five members who act as trustees for the Plan. The Trust and the Board were not created for the purposes of bringing this or any other action. The Board established the Oregon Trust to carry out and promote the OCS Plan. The Board's capacity to sue derives not from law governing class action procedures, but from the Declaration of Trust, as noted above. The Board qualifies as a single entity for purposes of SLUSA. See <u>Lee v. Marsh & McLennan Companies, Inc.</u>, 2007 WL 704033 at *4-5 (S.D.N.Y. 2007) (twenty-six trusts created with the primary purpose of managing family property met SLUSA's requirements for entity treatment and therefore should be counted, without reference to the number of beneficiaries, as twenty-six persons under SLUSA.

9 - ORDER

2007 WL 704033 at *4-*5; RGH Liquidating Trust ex rel. Reliance Group Holdings, Inc. v. Deloitte & Touche LLP, 2007 WL 4097413 at *2-3 (N.Y.Sup.Ct. 2007) (a trust bringing actions on behalf of two debtor corporations and their creditors was single entity under SLUSA).

The Oregon 529 College Savings Board and the Oregon College Savings Plan Trust were created years before the claims in this action arose. The trustee is the proper party to bring the claims and indeed the only party that can bring the claim. Accordingly, the trust entity is a single person for purposes of SLUSA. Congress did not intend to preempt state securities claims altogether-just class actions of more than 50. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 87 (2006) (SLUSA does not actually pre-empt any state cause of action, it simply denies plaintiffs the right to use the class-action device to vindicate certain claims). Indeed, defendants' position effectively insulates it from any breach of contract claim for violation of the PMA that sounds in securities fraud.[5] SLUSA preemption does not apply in this case and the case must be remanded. In addition, on the flip side of the coin, because the Board is one person-the action is not a "single lawsuit" barred by

---

[5]Moreover, all causes of action rely primarily on alleged misrepresentations or omissions made directly to the Board not the Plan beneficiaries; violation of fiduciary duties to the Board, not Plan beneficiaries; and violation of contractual duties to the Board, not Plan beneficiaries.

10 - ORDER

SLUSA. Of course, because the case must be remanded, the court need not and may not reach the motion to dismiss.

Plaintiffs also seek costs and expenses incurred as result of the removal. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Such an award is justified where the removing party lacked an objective basis for seeking removal. Defendants' basis for removal was objectively reasonable and the request for fees is denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand (#16) is granted and all other pending motions are denied as moot.

DATED this ___13th___ day of August, 2009.

                                  ___s/ Michael R. Hogan___
                                  United States District Judge